United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS COLLINS, # 00298978, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8764 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se* and *in forma pauperis*, filed a habeas petition under 28 U.S.C. § 2254 purportedly challenging his 1980 conviction and life sentence for aggravated rape of a child.

Having reviewed the petition, matters of public record, and the applicable law, the Court **DISMISSES** the petition for the reasons shown below.

## I. BACKGROUND AND CLAIMS

A Harris County, Texas jury convicted petitioner of aggravated rape of a child in 1980 and sentenced him to life imprisonment. The conviction was affirmed on appeal, and petitioner's multiple applications for state habeas relief were denied by the Texas Court of Criminal Appeals in 1981 and 1987, and dismissed as an abuse of the writ in 2023 and 2026. His 2023 federal habeas petition was dismissed as barred by the applicable one-year statute of limitations. *Collins v. Lumpkin*, C.A. No. H-23-2156 (S.D. Tex. Aug. 3, 2023).

Petitioner complains in the instant habeas petition that the state courts denied his request for a sentence reduction under the compassionate release provisions of 18 U.S.C. § 3582,[1] and that the Texas Court of Criminal Appeals dismissed his "Motion to Respond" to the state courts' habeas actions. These state court actions occurred in context of petitioner's fourth application for state habeas relief, which was dismissed by the Texas Court of Criminal Appeals as an abuse of the writ in September 2026. *In re Douglas Collins*, WR-11,051-09 (Tex. Crim. App. Sept. 17, 2026); *id.*, Cause No. 296928-D in the 182d District Court of Harris County, Texas. Petitioner argues that the state courts violated his First Amendment "right to answer to a violation of my constitutional rights" and denied him due process. As judicial relief, he asks the Court "for a hearing to see if I have a right under the constitution to respond."[2] Although petitioner alludes to his 1980 criminal prosecution, he does not raise any claims challenging the constitutionality of his 1980 conviction and sentence.[3]

---

[1]*See* 18 U.S.C. § 3582(c)(1)(A), setting forth "extraordinary and compelling reasons" for compassionate release/sentence reductions.

[2]The Court declines to construe this lawsuit as one brought under 42 U.S.C. § 1983, as plaintiff is a three-strikes inmate who is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *See Collins v. Wallace Pack Unit*, C.A. No. H-23-1090 (S.D. Tex. May 23, 2023), and the strikes listed therein.

[3]Had petitioner raised such claims, they would be subject to dismissal by the Court as unauthorized successive habeas claims in light of his 2023 federal habeas lawsuit.

Underlying all of petitioner's instant claims is his mistaken belief that the compassionate release sentence reduction provisions of 18 U.S.C. § 3582 are applicable to his state sentence.

## II. LEGAL STANDARDS

### A. Scope of Federal Habeas Review

The scope of review for federal habeas claims challenging custody arising from state criminal convictions is set forth in 28 U.S.C. § 2254(a):

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

28 U.S.C. § 2254(a) (emphasis added). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

### B. Abuse of the Writ Doctrine

Texas state law prohibits a prisoner from filing a second or successive state application for post-conviction habeas relief if the grounds stated therein could have been,

but were not, raised in a prior state habeas application. This prohibition is known as the abuse of the writ doctrine.

Under Article 11.07, § 4 of the Texas Code of Criminal Procedure,

> (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Tex. Code Crim. Proc. art. 11.07, § 4.

C. Procedural Default Doctrine

The abuse of the writ doctrine espoused in Article 11.07, § 4 is a well-established procedural default that bars federal habeas review of the merits of a habeas petitioner's claims. *See Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008) ("This court has held that, since 1994, the Texas abuse of the writ doctrine has been consistently applied as a procedural bar, and that it is an independent and adequate state ground for the purpose of imposing a procedural bar.").

The procedural default doctrine "has its roots in the general principle that federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A federal court will not entertain a procedurally defaulted constitutional claim in a habeas petition absent the petitioner's showing of cause and prejudice to excuse the default or that the Court's failure to consider the claim would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004). This latter exception "is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir. 2012).

## III. ANALYSIS

### A. No Cognizable Federal Habeas Claim

Petitioner fails to allege or show that he is in custody in violation of the Constitution or laws or treaties of the United States, as required by 28 U.S.C. § 2254(a). To the contrary, he complains of actions taken or not taken by the state courts that are collateral to the validity of his state conviction and sentence. This distinction is made clear by petitioner's requested judicial relief: "I ask the courts for a hearing to see if I have a right under the constitution to respond."

If this Court were to agree that petitioner has a constitutional right to file a motion to respond to the state court's actions in a state habeas proceeding, it would not result in

petitioner's immediate or speedier release from confinement. It would only entitle him to file a response of some type in state court. A mere possibility that success on a claim could possibly lead to a speedier release from custody is not sufficient to invoke federal habeas corpus jurisdiction. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (concluding that success on petitioner's claims at issue did not lie at the core of habeas corpus, where the claims would not necessarily spell speedier release, but would only result in renewed consideration of parole applications). *See also Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Likewise, petitioner's complaint that the state court dismissed his "Motion to Respond" raises no viable federal habeas claim. Claims concerning infirmities in state habeas proceedings are not cognizable on federal habeas review. *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). The Court cannot grant habeas relief under § 2254 "to correct alleged errors in state habeas proceedings." *See Trevino*, 168 F.3d at 180. "[E]rrors in state post-conviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). It is well established that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court . . . because an attack on the state proceedings is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 319–20 (5th Cir. 2001). Accordingly, petitioner's

claims as to his "Motion to Respond" fail to state a claim upon which federal habeas relief may be granted.

In complaining that the state courts failed to address properly his requests for a sentence reduction under 18 U.S.C. § 3582 and dismissed his motion to respond, petitioner fails to challenge the constitutional validity or duration of his confinement, and he raises no cognizable claim for federal habeas relief. His habeas petition must be dismissed.

B. Procedural Default Bar

The Texas Court of Criminal Appeals summarily dismissed petitioner's fourth habeas application under the abuse of the writ provisions of Article 11.07, § 4 of the Texas Code of Criminal Procedure. *In re Douglas Collins*, WR-11,051-09 (Tex. Crim. App. Sept. 17, 2026); *id.*, Cause No. 296928-D in the 182d District Court of Harris County, Texas. Consequently, even assuming petitioner's federal habeas claims raised cognizable habeas claims, they are procedurally defaulted and barred from consideration by the Court.

To overcome the procedural default bar, petitioner must establish cause and prejudice to excuse the default, or show that the Court's failure to consider his instant claims would result in a fundamental miscarriage of justice in that he is actually innocent of the 1980 criminal charges and conviction. He does not, and cannot, establish cause and prejudice because § 3582 and the related statutory provisions for sentence reductions and compassionate releases apply only to federal sentences. *See, e.g.*, 18 U.S.C. § 3582(c)(1)(A) (requiring exhaustion of motion through the federal Bureau of Prisons); § 3582(d) (setting

out notice and other requirements for the Bureau of Prisons regarding compassionate release). *See also United States v. Shkambi*, 993 F.3d 388, 390 (5th Cir. Apr. 7, 2021) (noting that a § 3582 motion must be dismissed for lack of jurisdiction unless filed in the federal district court of sentencing); *Smith v. Jackson*, 830 F. App'x 102, 103 (4th Cir. Nov. 24, 2020) (affirming dismissal of state prisoner's motion for § 3582 compassionate release for lack of jurisdiction); *Chavez v. New Mexico*, 716 F. App'x 824, 826 (10th Cir. Mar. 26, 2018) (same).

Petitioner proffers no applicable state or federal case authority that would allow his state sentence to be reduced through application of § 3582. Petitioner had no constitutional or federal statutory right to request a sentence reduction under § 3582, and he does not show that the state courts violated his constitutional or federal statutory rights by denying and/or dismissing his requests for such relief. In the alternative, he fails to show cause and prejudice to overcome his procedural default of the issues, and his habeas petition must be dismissed with prejudice as procedurally defaulted and barred.

## III. CONCLUSION

For the above reasons, petitioner's habeas petition is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A COGNIZABLE HABEAS CLAIM.** In the alternative, the petition is **DISMISSED WITH PREJUDICE AS PROCEDURALLY DEFAULTED AND BARRED.**

A certificate of appealability is **DENIED**.

Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the 14th day of October, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE